UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER M. TAYLOR,<br><br>                  Petitioner,<br><br>    v.<br><br>RANDY E. BLADES,<br><br>                  Respondent. | Case No. 1:15-cv-00552-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus, filed by Idaho state prisoner Christopher M. Taylor, challenging Petitioner's Jerome County conviction. (Dkt. 18.) Respondent has filed a Motion for Partial Summary Dismissal, arguing that Petitioner's claims, with the exception of Claim B(2),[1] are procedurally defaulted. (Dkt. 24.) That motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 25.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 23.) Having carefully reviewed the record, including

---

[1] The Court adopts the alphanumeric identification of Petitioner's claims as set forth in the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 1**

the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion for Partial Summary Dismissal and dismissing Claim A, Claim B(1), and Claim B(3) with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Taylor*, Docket No. 39844, Op. 610 (Idaho Ct. App. 2013) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Fifth Judicial District Court in Jerome County, Idaho, Petitioner pleaded guilty[2] to one count of aggravated battery on a peace officer, with sentencing enhancements for use of a deadly weapon and for being a persistent violator, and one count of aggravated assault on a peace officer, with a persistent violator sentencing enhancement. (*Id.* at 1.) In exchange for Petitioner's guilty pleas, the state dismissed additional charges. (State's Lodging A-1 at 172-73.) Petitioner received concurrent fixed life sentences, and the trial court later denied his motion for reduction of sentence under Idaho Criminal Rule 35. Petitioner appealed only the imposition of his fixed life sentences. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4; State's Lodging B-7.)

---

[2]  Petitioner's *Alford* plea is the functional equivalent of a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner then filed a petition for state post-conviction relief, which was dismissed by the Idaho state district court. (State's Lodging C-1 at 3-12, 21-23, 58-66.) Petitioner appealed, and the Idaho Court of Appeals affirmed. (State's Lodging D-4.) The remittitur in the post-conviction appeal was initially issued because Petitioner had not filed a petition for review within the time period required. However, the Idaho Supreme Court later granted Petitioner's request to submit an untimely petition for review. (State's Lodging D-5 through D-10.) The petition for review asserted that Petitioner's trial attorney advised him to plead guilty while incorrectly informing Petitioner that his maximum potential sentence was an indeterminate life term. (State's Lodging D-10.) The Idaho Supreme Court denied the petition and issued the final remittitur. (State's Lodging D-11, D-12.)

While Petitioner's post-conviction proceedings were still pending, he filed the instant federal habeas case. The Court initially dismissed the case without prejudice for failure to exhaust, but later reopened the case after Petitioner's state court proceedings were completed and after the Ninth Circuit's decision in *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). (Dkt. 6, 9, 10, 14.) Petitioner was allowed to proceed on his Amended Petition. (Dkt. 20.)

In that Amended Petition, Petitioner asserts two claims, one of which has three sub-claims. In Claim A, Petitioner argues that his fixed life sentences violate the Cruel and Unusual Punishments Clause of the Eighth Amendment. (Dkt. 18 at 6-9.)

In Claim B, Petitioner asserts ineffective assistance of trial and direct appeal counsel. Claim B(1) alleges ineffective assistance of trial counsel for "encourag[ing]

**MEMORANDUM DECISION AND ORDER - 3**

[Petitioner] to plead guilty pursuant to a plea bargain that offered no advantage whatsoever over proceeding to trial" and for failing to object to "what constitutes an illegal sentence under state and federal law," thus failing to preserve the issue for appeal. (*Id.* at 9-10.) In Claim B(2), Petitioner asserts ineffective assistance of trial counsel for advising Petitioner that, pursuant to the plea agreement, the worst sentence Petitioner faced was "an indeterminate life term" instead of the correct maximum sentence—life in prison without the possibility of parole. (*Id.* at 10.) Finally, Claim (B)(3) alleges that Petitioner's direct appeal counsel rendered ineffective assistance by failing to argue on appeal that Petitioner's sentences were improperly enhanced. (Dkt. 18 at 11-12.)

The Court previously reviewed the Amended Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 20 at 2.)

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**MEMORANDUM DECISION AND ORDER - 4**

Respondent argues that Claims A, B(1), and B(3) are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

**1.      Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 5**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2.  **Claims A, B(1), and B(3) Are Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on their merits in the state court appellate proceedings.

On direct appeal, Petitioner argued only that his fixed life sentences were excessive and constituted an abuse of discretion, and that his Rule 35 motion should have been granted, under Idaho state law. (State's Lodging B-1.) Petitioner did not raise any federal claim; therefore, none of Petitioner's habeas claims was fairly presented in his direct appeal. Specifically, Petitioner did not assert Claim 1—that his sentences violate the Eighth Amendment.

In his petition for review to the Idaho Supreme Court in his post-conviction proceedings, Petitioner asserted only that his trial counsel was ineffective for advising

**MEMORANDUM DECISION AND ORDER - 6**

him to plead guilty without accurately informing him of the maximum potential sentence. (State's Lodging D-10.) This corresponds to Claim B(2) in the Amended Petition. Although Petitioner's post-conviction appellate briefing initially raised other claims to the Idaho Court of Appeals, he did not assert those claims in his petition for review before the Idaho Supreme Court. (*See* D-1 at 3-7; D-10.)

Because Petitioner did not raise Claim A, Claim B(1), or Claim B(3) to the highest state court, and because it is now too late to do so, those claims are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

### 3. Petitioner Is Not Excused from the Procedural Default of His Claims

The Court's conclusion that Claims A, B(1), and B(3) are procedurally defaulted does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court still can hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

#### A. *Cause and Prejudice*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to

**MEMORANDUM DECISION AND ORDER - 7**

comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that

**MEMORANDUM DECISION AND ORDER - 8**

an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court of the United States established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

**MEMORANDUM DECISION AND ORDER - 9**

The Supreme Court has described and clarified the *Martinez* cause-and-prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

Petitioner has not argued that cause and prejudice exist to excuse the default of Claims A, B(1), and B(3).[3] Petitioner argues only that (1) he, in fact, raised these claims to the Idaho Supreme Court and (2) the state court "had a full and fair opportunity to address their merits but failed to do so." (Dkt. 31 at 11 (capitalization omitted).) The first argument is incorrect as a factual matter, and the second is irrelevant. That the state court

---

[3] To the extent that Petitioner is attempting, in his opposition to Respondent's motion, to assert new grounds for habeas relief—such as additional claims of due process violations, double jeopardy violations, and issues related to his *Alford* plea (*see* Dkt. 31 at 11-13)—any such claims were not asserted in the Amended Petition (*see* Dkt. 18). Therefore, the Court need not address them. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or, as ordered in this case, in a statement of additional grounds. Then the State can answer and the action can proceed. We conclude that Cacoperdo did not properly raise this [sentencing] claim in the district court.").

**MEMORANDUM DECISION AND ORDER - 10**

*could* have addressed a claim that Petitioner did not raise does not render the claim fairly presented.

Finally, the Court has found no cause and prejudice in its independent review of the record. Claim A could have been raised on direct appeal but was not. To the extent Petitioner believes his appellate attorney was ineffective for failing to raise that claim, any such ineffectiveness claim was, itself, not presented to the Idaho Supreme Court and, thus, cannot be used as cause. *See Edwards*, 529 U.S. at 452. As for Claim B(1), the *Martinez* exception does not apply because that claim was defaulted at the petition-for-review stage—not the initial-review collateral proceeding in the Idaho state district court. A petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16. And *Martinez* also is unavailable for Claim B(3), as that claim alleges ineffective assistance of *direct appeal* counsel—not trial counsel. *See Davila*, 137 S. Ct. at 2063.

For these reasons, Petitioner has not established cause and prejudice to excuse the procedural default of Claims A, B(1), and B(3).

### B.  *Actual Innocence*

If a petitioner cannot show cause and prejudice to excuse his procedural default, he can bring the claim in a federal habeas petition only if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is

**MEMORANDUM DECISION AND ORDER - 11**

actually innocent. *Murray*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit. This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

Petitioner has submitted no new, reliable evidence that he is actually innocent. Therefore, Petitioner is not excused from the default of Claims A, B(1), and B(3).

## CONCLUSION

For the foregoing reasons, all of the claims in the Amended Petition—with the exception of Claim B(2)—are subject to dismissal.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time to File Petitioner's Response to Summary Dismissal Motion (Dkt. 27) is GRANTED.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 24) is GRANTED. Claim A, Claim B(1), and Claim B(3) are DISMISSED with prejudice as procedurally defaulted.

3. Respondent must file an answer to the remaining claim within 60 days of the date of this Order. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: August 3, 2018

_____
Honorable Candy W. Dale
United States Magistrate Judge