UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER M. TAYLOR,<br><br>                    Petitioner,<br><br>v.<br><br>RANDY E. BLADES,<br><br>                    Respondent. | Case No. 1:15-cv-00552-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending on remand in this habeas corpus matter is Claim B(2), in which Petitioner Christopher M. Taylor ("Petitioner" or "Taylor") claims that his trial counsel rendered ineffective assistance in failing to inform Petitioner, before he pleaded guilty in Idaho state court, that the maximum possible sentence was life without parole. *Am. Pet.*, Dkt. 18, at 10.

The Court previously granted Respondent's motion for partial summary dismissal and dismissed, as procedurally defaulted, all claims except Claim B(2), which was not a subject of Respondent's motion. *See* Dkt. 33. Later, in the answer to the amended petition, Respondent argued the merits of Claim B(2) but also asserted, for the first time, that the claim was procedurally defaulted.[1] *See* Dkt. 36. Petitioner, through counsel, filed

---

[1] The failure to include a procedural default argument as to Claim B(2) in the earlier motion to dismiss does not preclude Respondent from asserting that defense in the answer to the petition. *See Weaver v. Carlin*, No. 3:10-CV-00295-BLW, 2013 WL 1797444, at *3 (D. Idaho Apr. 29, 2013) (unpublished).

a reply in support of the amended petition, in which he addressed both the merits and Respondent's procedural default argument. *See* Dkt. 48. Respondent filed a sur-reply. Dkt. 49.

Without addressing the procedural default status of Claim B(2), this Court held that the claim failed on the merits. *See* Dkt. 50 at 3 n.1. On appeal, the Ninth Circuit disagreed, concluding that the Idaho Court of Appeals' rejection of Claim B(2) was based on an unreasonable determination of the facts, given that the state district court did not hold an evidentiary hearing.[2] *See* Dkt. 56; 28 U.S.C. § 2254(d)(2). The Circuit vacated the judgment and remanded, instructing this Court "to decide in the first instance whether Claim B(2) is procedurally defaulted and, if it is not, to hold an evidentiary hearing as to that claim." *See* Dkt. 56 at 5.

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Dkt. 23. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, the Court concludes that—in addition to addressing Claim B(2) on the merits—the Idaho Court of Appeals also determined, in an alternative holding, that the claim was procedurally barred under state law for failure to comply with the requirement that an appellant must support a claim with both argument and authority.

---

[2] The Circuit did not disturb any other ruling of this Court.

MEMORANDUM DECISION AND ORDER - 2

Because that state procedural rule is adequate and independent, Claim B(2) is procedurally defaulted. Accordingly, the Court enters the following Order dismissing Claim B(2) and will issue a new judgment in favor of Respondent.

## BACKGROUND

The Court previously discussed the factual and procedural background of Petitioner's conviction and will not do so again here except as necessary to explain its decision.

In exchange for the dismissal of other charges, Petitioner pleaded guilty to one count of aggravated battery on a peace officer, with sentencing enhancements for use of a deadly weapon and for being a persistent violator, and one count of aggravated assault on a peace officer, with a persistent violator enhancement. The charges stemmed from a high-speed chase during which Petitioner (1) drove his car at a police officer, and (2) shot another officer in the face, leaving that officer blind in one eye. *State's Lodging B-4* at 2–3. Petitioner was sentenced to two concurrent terms of fixed life imprisonment—that is, life without the possibility of parole.

However, Petitioner alleges that his counsel never informed him that the maximum potential sentence was fixed life. Instead, at the time he pleaded guilty, Petitioner believed the maximum possible sentence was an indeterminate life term—life *with* the possibility of parole. According to Petitioner, he would not have pleaded guilty if he had been properly advised that the maximum potential penalty was life without parole.

Respondent asserts that this claim, Claim B(2), is procedurally defaulted. The Court agrees.

MEMORANDUM DECISION AND ORDER - 3

## STANDARDS OF LAW

If a habeas petitioner did not fully and fairly present a claim to the state courts, and if it is now too late to do so, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). A procedurally defaulted claim cannot be heard on federal habeas review unless a petitioner can establish cause and prejudice, or actual innocence, to excuse the default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Procedurally defaulted claims include claims that, although they were presented to the state court, were held by that court to be procedurally barred, so long as the procedural rule relied upon by the state court is adequate to support the state court's judgment and independent of federal law. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). To qualify as an "adequate" procedural basis, the state rule at issue must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (internal quotation marks omitted). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett*, 322 F.3d at 581.

If the state court applied an adequate and independent procedural bar, then the claim is procedurally defaulted, even if a petitioner asserts that the application of the procedural bar was erroneous under state law. Federal courts lack the authority to second-guess a state court's application of its own procedural bar in a particular case. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions."); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction … to review state court applications of state procedural rules."); *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural default.").

A rare exception exists when a state court's interpretation of state law "appears to be an obvious subterfuge to evade consideration of a federal issue," *Mullaney v. Wilbur*, 421 U.S. 684, 691 n.1 (1975) (internal quotation marks omitted), when a state court applied a procedural rule "in an erroneous and arbitrary manner," *Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011), or when, in an "exceptional" case, "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question," *Lee v. Kemna*, 534 U.S. 362, 376 (2002). A federal court may re-examine a state court's application of a state-law procedural bar only in these extraordinary cases.

"[W]here a state court expressly invokes a procedural bar, the claim is defaulted, even [if] the state court goes on to discuss the merits of the claim." *Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017). That is, when a state court has relied on an adequate and independent ground to find a claim procedurally barred, that court "need not fear reaching the merits of a federal claim in an *alternative* holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). A state court's "double-barrel[ed]" decision is "entitled to deferential review by federal courts" as to "both its procedural default ruling and its merits ruling." *Apelt*, 878 F.3d at 825.

MEMORANDUM DECISION AND ORDER - 5

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

## DISCUSSION

The parties agree that the Idaho Court of Appeals issued a decision on the merits of Claim B(2). The parties' sole dispute as to the procedural default status of Claim B(2) is whether that court *also* held, in the alternative, that the claim was procedurally barred under state law. To resolve this question, the Court must carefully consider the state court's decision.

1.  **Petitioner's Claim as Presented to the Idaho Court of Appeals**

Claim B(2) asserts that trial counsel did not inform Petitioner, before he pleaded guilty, that he could be sentenced to fixed life imprisonment. On appeal from the dismissal of his state post-conviction petition, Petitioner—after citing legal principles surrounding breaches of plea agreements by prosecutors, not by defense attorneys—attempted to support his ineffective assistance claim with the following argument:

> Why would Taylor plea [sic] guilty to, two sentences of "FIXED LIFE" (really).

> Plea bargain to a "fixed life"; I dont [sic] think so and neither would anybody with an average, below average, and certainly not with an above average intelligence level.
>
> I especially dont [sic] believe the Court can believe this ludicrous analogy either.
>
> The defendant had noting [sic] to lose by going to trial and everything to gain. Has the defendant met the two prong test and challenge, of *Stickland [sic] v. Washington*, 466 U.S. 668 104 S.Ct. 2052, 2064-74 8L.Ed.2d 674 (1984). The answer is yes.
>
> The summary of this case proves that defendants counsel [sic] actions amounts [sic] to extreme ineffective assistance of counsel an [sic] fell more than far below the standard of reasonableness. It proves that the defendant would have definitely insisted upon going to trial. It proves that either defense counsel blatantly lied to the defendant or the State Prosecutor breached the plea agreement. Either way it proves the plea was induced by false promises or misrepresentations which Constitutes procedural error and defendants [sic] denial of due process. All of the above, coupled with the actions of the trial court, proves a "manifest injustice" and the violations of defendants [sic] Constitutionally protected rights.

*State's Lodging D-1* at 4–5.

This was Petitioner's entire argument as to Claim B(2) as presented to the Idaho Court of Appeals. He did not include a single citation to the record.

## 2.   Decision of the Idaho Court of Appeals

The Idaho Court of Appeals described Petitioner' argument in support of Claim B(2) as follows:

> Taylor argues that his trial counsel never informed him that he could face two fixed life sentences and allowed him to plead guilty pursuant to a plea bargain that netted an end result potentially less favorable than if he had proceeded to

MEMORANDUM DECISION AND ORDER - 7

>trial. Taylor argues that, had he known the consequences of his guilty pleas, there would be no reason for him to plead guilty.

*Id*. at 8.

The court then noted, accurately, that "Taylor did not plead guilty to two fixed life sentences—he pled guilty to offenses that subjected him to maximum [fixed] life sentences." *Id.* at 8–9. The plea agreement had not specified a particular sentence, and the appellate court stated that, just because Petitioner "might regret pleading guilty without an agreement as to sentencing does not mean that he was not advised of the maximum penalties." *Id*. at 9.

Then, citing *Powell v. Sellers*, 937 P.2d 434, 440 (Idaho Ct. App. 1997), the court of appeals held that Petitioner's claim was not properly supported under state law: "Taylor provides no support from the record or from law to support his argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440." *State's Lodging D-4* at 9. The appellate court in *Powell* relied on *State v. Zichko*, a 1996 case in which the Idaho Supreme Court cited cases dating back to 1965 to hold that *both* argument and authority are required to avoid a waiver of a claim on appeal, not simply one or the other. 923 P.2d 966, 970 (Idaho 1996).

Thus, by citing *Powell*, the state court appears to have applied a procedural bar to Claim B(2)—it deemed the claim waived because Petitioner did not support it with both argument and authority. However, the appellate court then went on to reject Petitioner's ineffectiveness claim on the merits:

MEMORANDUM DECISION AND ORDER - 8

> Furthermore, Taylor's assertions directly contradict the record. The record shows that, after the district court advised Taylor of the maximum penalties for both charges to which he pled guilty, the district court also advised Taylor of the consequences of the persistent violator enhancement to which Taylor also agreed to plead guilty. The district court specifically asked Taylor if he understood that the "maximum penalty that [he] would face would be a minimum of five years in the state penitentiary, which could be extended to life." In response, Taylor replied, "Yes, sir." Thus, even assuming Taylor's claim that trial counsel did not advise him of the maximum sentence was truthful, he has not shown that, but for counsel's error, he would not have pled guilty because the record shows that the district court informed Taylor of the maximum penalties he faced before he changed his plea in conformance with I.C.R. 11(c). Therefore, Taylor's assertion that his counsel was ineffective for failing to advise him that the district court could impose maximum life sentences is without merit and Taylor has not shown error in the district court's denial of this claim.

*Id*.

Whether the Idaho Court of Appeals issued only a merits ruling—or both a merits ruling and a procedural one—is the crux of the issue in this case.

### 3.     The Idaho Court of Appeals Issued an Alternative Procedural Ruling That Was Based on Adequate and Independent State Procedural Grounds

The Idaho Court of Appeals rejected Claim B(2) on the merits. However, the parties disagree as to whether the state court's invocation of *Powell* constitutes an alternative holding that the claim was not presented in a proper procedural context—in which case this Court must defer to it—or, as Petitioner argues, "an off-hand snippet in an opinion that otherwise addressed the factual and legal merits" of the claim. *See* Dkt. 48 at 7.

MEMORANDUM DECISION AND ORDER - 9

As Respondent points out, after finding that Taylor failed to support Claim B(2) with both argument and authority, the Idaho Court of Appeals expressly invoked *Powell*'s holding that "[a] party waives an issue on appeal if either argument or authority is lacking." *State's Lodging D-4* at 9. Petitioner quibbles with the state court's use of "a party," asserting that, because the court did not say that Taylor *himself* waived the issue, it must not have intended to apply the procedural bar. Dkt. 48 at 10.

On the contrary, the state court's invocation of the procedural bar was explicit. The court found that Petitioner failed to support his claim with argument and authority, and then immediately stated that a party waives an issue in that exact manner. It nearly does violence to the English language to read "a party" to mean that the court of appeals recognized that claims are waived without argument and authority and, yet, decided not to apply that waiver doctrine to a claim that the court *had just described* as lacking argument and authority. This Court cannot ignore a plain application of a procedural bar simply because Petitioner would have preferred the state court use "Taylor" or "Appellant" instead of "a party."

Petitioner also takes the state court of appeals to task for purportedly "recast[ing]" Petitioner's claim into "one in which [Petitioner] was ostensibly claiming that he pled for a specific sentence"—life *with* the possibility of parole. *Id*. at 9. This is a vast overstatement. The state appellate court described Claim B(2) in the same manner as Petitioner has presented it in this Court—a claim that "trial counsel never informed him that he could face two fixed life sentences and allowed him to plead guilty pursuant to a

MEMORANDUM DECISION AND ORDER - 10

plea bargain that netted an end result potentially less favorable than if he had proceeded to trial." *State's Lodging D-4* at 8.

Moreover, even if the state court had interpreted Claim B(2) as asserting that Petitioner bargained for an indeterminate life sentence, it would have been a reasonable construction of his argument given the way that Petitioner framed the issue in his opening appellate brief. Petitioner asserted that he believed the maximum sentence was indeterminate life and that trial counsel "blatantly lied" to him about the maximum potential sentence. *State's Lodging D-1* at 5. To support this argument, Petitioner noted that, logically, no one would plead guilty to a fixed life sentence:

> *Why would Taylor plea [sic] guilty to, two sentences of "FIXED LIFE"* (really).
>
> *Plea bargain to a "fixed life"; I dont [sic] think so and neither would anybody* with an average, below average, and certainly not with an above average intelligence level.
>
> I especially dont [sic] believe the Court can believe this ludicrous analogy either.
>
> The defendant had noting [sic] to lose by going to trial and everything to gain….

*Id*. at 4 (emphasis added).

Petitioner's entire claim in state court was focused on the argument that he would not have pleaded *to a fixed life sentence*. Obviously, that is not what Taylor pleaded to— he pleaded guilty to offenses for which the maximum potential sentence was fixed life. The state court's recognition of this indisputable fact does not render its procedural analysis any less explicit.

MEMORANDUM DECISION AND ORDER - 11

The fact that the Idaho Court of Appeals also went on to deny Claim B(2) on the merits does not render its procedural holding a nullity. The law is clear that, if a state court finds a claim procedurally barred, a federal court must defer to that finding even if the state court continues to consider the merits. *Apelt*, 878 F.3d at 825; *Harris*, 489 U.S. at 264 n.10.

Finally, Petitioner notes that he was proceeding pro se in state court. Dkt. 48 at 10–11. He cites *Fields v. Waddington*, in which the Ninth Circuit stated that a habeas petition filed by an unrepresented prisoner "may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." 401 F.3d 1018, 1021 (9th Cir. 2005). But here, the question is not whether Petitioner's state court briefing can be liberally construed as raising Claim B(2). It *did* raise that claim, and Respondent does not argue otherwise.

Rather, the problem for Petitioner is that, although he raised Claim B(2) to the state appellate court, he failed to support it properly as required by state law. The Idaho Court of Appeals concluded that Petitioner's claim was not supported by argument and authority—which would include legal citations *and* citations to the record. *See* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."). Petitioner did not comply with this requirement.

The Court understands that Petitioner was representing himself in state court. If this Court were reading Petitioner's state court appellate brief in the first instance, it

indeed might conclude that Petitioner's general citation to *Strickland* and his attempt at argument as to Claim B(2) was enough to fairly present the claim, even though he did not provide any record citations. But that is not this Court's role, and this Court has no power to conclude that the Idaho Court of Appeals incorrectly applied its own procedural bar. *See Estelle*, 502 U.S. at 67–68; *Poland v. Stewart*, 169 F.3d at 584. Because this is not one of the extraordinary cases in which the state court's application of the procedural bar was arbitrary, exorbitant, or appears to be an effort to evade federal review, this Court cannot second-guess the state appellate court's invocation of the procedural rule. *See Lee*, 534 U.S. at 376; *Mullaney*, 421 U.S. at 691 n.1; *Sivak*, 658 F.3d at 907.

Over 20 years ago, the Ninth Circuit concluded that the state procedural bar invoked by the Idaho Court of Appeals in Petitioner's case is adequate and independent. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Accordingly, Claim B(2) is procedurally defaulted and must be dismissed.

## CONCLUSION

The Idaho Court of Appeals held that Claim B(2) was procedurally barred because Petitioner did not support the claim with both argument and authority. That state procedural bar is adequate and independent, and Petitioner does not argue that he is excused from the default. Therefore, Claim B(2) must be dismissed as procedurally defaulted, notwithstanding the fact that the state court also rejected the claim on the merits.

**ORDER**

**IT IS ORDERED:**

1. Claim B(2)—the only remaining claim—is DISMISSED with prejudice as procedurally defaulted.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

DATED: January 12, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge